NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN SAMUELS, | : |
| Plaintiff, | : Civil Action No. 03-4955 (SRC) |
| v. | : |
| BOUNTY ALARMS, INC., | : **LETTER OPINION AND ORDER** |
| Defendants. | : |

**CHESLER, District Judge**

This matter comes before the Court upon Motion of Robert I. Lesser, Esq., attorney for Ivan Samuels, (Docket Item #31) seeking leave to: (1) file an Amended Complaint against Bounty Alarms, LLC as a defendant; (2) amend the Arbitration Award and Judgment to reflect the liability of Bounty Alarms, LLC; and (3) have the proceeds of bank accounts in the name of Bounty Alarms, LLC turned over to Plaintiff.

On or about April 6, 2005, a non-binding arbitration award was determined, and a subsequent Civil Judgment was entered against Defendant Bounty Alarms, Inc in the amount of $86, 217.00. Plaintiff contends that after amicable attempts to collect the judgement from Bounty Alarms, Inc failed, Plaintiff received a Writ of Execution to levy the proceeds of a bank account held in the name of Bounty Alarms, Inc. When Plaintiff learned the balance of this account was less than $500.00, Plaintiff discovered the existence of a separate account at the

1

same bank under the name Bounty Alarms, LLC. Plaintiff obtained an Alias Writ of Execution to levy the proceeds of the bank account held in the name of Bounty Alarms, LLC.

Plaintiff claims that at no point during the litigation did Bounty Alarms, Inc. indicate that Bounty Alarms, LLC existed or that Plaintiff was employed at different times by both entities.[1] Therefore, Plaintiff argues that the Complaint, Arbitration Award, and the Judgement should be amended to include Bounty Alarms, LLC, and that any proceeds in any bank accounts held in the name of Bounty Alarms, LLC should be turned over to Plaintiff in an attempt to satisfy the judgment.

In response, Defendant argues that time to amend pleadings expired on May 28, 2004 pursuant to the Scheduling Order entered by the Honorable Tonianne J. Bongiovanni. Defendant also argues that the existence of Bounty Alarms, LLC was revealed to Plaintiff and Plaintiff's counsel during initial discovery disclosures.

FED.R.CIV.P. 16(b) applies to motions to amend pleadings filed outside the time frames set forth in a Scheduling Order. Under Rule 16(b), a plaintiff is required to establish good cause before it will be permitted to amend. A court has considerable discretion when determining what showing a moving party must make to satisfy the Rule 16(b) good cause requirement. (3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 16.14[1][b] (Matthew Bender 3d ed. 1997). Good cause may be satisfied by a showing that the movant's delay in filing the motion to amend stemmed from "any...factor which might understandably account for failure of counsel to

---

[1] The Court notes, however, that payroll checks utilized as evidence during the arbitration revealed that Plaintiff was paid by both Bounty Alarms, Inc. and Bounty Alarms, LLC during the course of his employment with Defendant. The Court believes that this demonstrates that Plaintiff should have had some knowledge as to the existence of Bounty Alarms, LLC and its potential liablity.

undertake to comply with the Scheduling Order." Newton v. Dana Corp. Parish Division, 1995 WL 368172, at *1 (E.D.P.A. 1995).

This Court finds Plaintiff's failure to comply with the Scheduling Order mitigated by the fact that Defendant failed to fully disclose that Bounty Alarms, Inc. and Bounty Alarms, LLC were not collectively doing business as Bounty Alarms, the name utilized throughout the arbitration process by both Defendant and Arbitrator[2]. The Plaintiff and Arbitrator both operated under the belief that Bounty Alarms encompassed both entities collectively and intended to have both entities included when the arbitration award was issued. (See Arbitration Award, filed March 2, 2005.) Accordingly, the Court finds good cause exists to allow Plaintiff to amend the existing Complaint in this action.

On this record, however, the Court finds no basis to support the entry of a judgment against the entity Bounty Alarms, LLC. Plaintiff has made no demonstration of liability on the part of Bounty Alarms, LLC. Indeed, the LLC is not yet even a party to this case. Until liability is established, Plaintiff is not entitled to a judgment against Bounty Alarms, LLC, nor is Plaintiff entitled to execute against Bounty Alarms LLC's accounts. The Court has no idea what claims or defenses may be asserted by the LLC. In short, while Plaintiff will be granted leave to assert claims against the LLC, Plaintiff will also have to proceed to litigate those claims.

**ACCORDINGLY, IT IS**, on this 20th day of October, 2005,

**ORDERED** that Plaintiff's Motion to file an Amended Complaint is **granted**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file his Amended Complaint no later

---

[2]The Court notes the failure by Defendant to clearly separate the liability of Bounty Alarms, LLC during the arbitration process suggests questionable motive on Defendant's part.

than October 31, 2005; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Arbitration Award and Judgment is **denied**; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion to have the proceeds of bank accounts in the name of Bounty Alarms, LLC turned over is **denied**; and

**IT IS FURTHER ORDERED** that the above captioned case is restored to active status.

                                                                 s/ Stanley R. Chesler
                                                                 Stanley R. Chesler
                                                                 United States District Judge